| | |
|---|---|
| 1 | CALEB MARKER (SBN 269721) |
| 2 | caleb.marker@zimmreed.com |
|   | ZIMMERMAN REED LLP |
| 3 | 6420 Wilshire Blvd, Suite 1080 |
|   | Los Angeles, CA 90048 |
| 4 | (877) 500-8780 Telephone |
| 5 | (877) 500-8781 Facsimile |
| 6 | *Attorneys for the Claimants* |
|   | *Appearing Specially for this Motion* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L'OCCITANE, INC., | CASE NO.: 2:24-cv-01103-PA-RAO |
| Plaintiff, | *Assigned to the Honorable Percy Anderson* |
| v. | **CLAIMANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION** |
| Zimmerman Reed LLP; and 3,144 Of Its Purported Clients, | |
| Defendants. | Date:        April 1, 2024 |
| | Time:        1:30 PM |
| | Courtroom:   9A |
| | Complaint Filed: February 8, 2024 |
| | Trial Date:     TBD |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 1, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9A of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, the Honorable Percy Anderson presiding, the Claimants[1] will, and hereby do, move the Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* and any other applicable law or rule of civil procedure, for an order: (1) compelling arbitration of all claims asserted by Plaintiff L'Occitane, Inc. ("L'Occitane") against the Claimants; and (2) dismissing without prejudice the Complaint filed by L'Occitane against the Claimants.

This Motion is made on the following grounds: (1) that L'Occitane and the Claimants are subject to an arbitration agreement requiring that all disputes related to the use of L'Occitane's website and L'Occitane's online tracking practices be resolved

---

[1] The Complaint identifies "Zimmerman Reed LLP" and "3,144 Of Its Purported Clients" and Defendants. This Memorandum refers to the law firm of Zimmerman Reed LLP as "ZR" and the "3,144 Of Its Purported Clients" for arbitration proceeding as "Claimants." Claimants are further defined in the Declaration of Caleb Marker ("Marker Decl.") ¶ 3.

To ZR's knowledge, no Claimants have yet been served with the Complaint. Marker Decl. ¶ 4. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Jacobs v. Garcetti*, No. 22-cv-08010, 2024 WL 500073, at *4 (C.D. Cal. Feb. 5, 2024), *report and recommendation adopted*, 2024 WL 493882 (C.D. Cal. Feb. 7, 2024), citing *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). ZR only makes a limited special appearance in this case at this time for purposes of presenting this Motion to Compel Arbitration. *Id.* ZR and Claimants do not waive any personal jurisdiction or service requirements under Federal Rule of Civil Procedure 4 and/or other law, which have not been complied with by Plaintiff. ZR and the Claimants reserve the right to raise arguments and defenses relating to insufficient process, insufficient service of process, lack of personal jurisdiction, lack of subject matter jurisdiction and any and all other defenses under the Federal Rules of Civil Procedure or other rules, statutes, and/or other law. *Id.*, see *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011); *Republic Int'l Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 165 (9th Cir. 1975); *Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014); *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009).

in a designated private arbitration forum (the American Arbitration Association or "AAA"), but L'Occitane filed the Complaint in court with such claims; (2) the arbitration agreement contains a delegation clause requiring that any disputes over the arbitrability of claims be resolved only by the arbitrator, but L'Occitane's Complaint asks the court to resolve such issues; (3) there is a restriction in the arbitration agreement on the filing of any class, coordinated or consolidated proceedings, but L'Occitane filed a Complaint consolidating claims against thousands of individual Claimants; (4) any other ground that the Court determines to be applicable.

The Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 26, 2024 seeking to resolve the dispute prior to motion practice. Such conference was unsuccessful in resolving the dispute, making this motion necessary.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and Declaration of Caleb Marker submitted concurrently herewith, all pleadings and documents on file in this action, all matters of which judicial notice may or must be taken, and any further argument and evidence that may be presented at or before the hearing.

Respectfully submitted,

ZIMMERMAN REED LLP

Date: March 4, 2024        By:   /s/ Caleb Marker
                                 Caleb Marker
                                 6420 Wilshire Blvd, Suite 1080
                                 Los Angeles, CA 90048
                                 Telephone (877) 500-8780
                                 Facsimile (877) 500-8781
                                 Email: caleb.marker@zimmreed.com

                                 *Attorneys for the Claimants*
                                 *Appearing Specially for this Motion*