UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 7, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application to Extend Time for Plaintiff to File Opposition to Motion to Compel Arbitration and Motion to Dismiss (Docket No. 28) filed by plaintiff L'Occitane, Inc. ("Plaintiff"). Defendants Zimmerman Reed LLP and 3,144 of its Purported Clients (collectively "Defendants") have filed an Opposition.

Plaintiff seeks a continuance of two weeks to file Oppositions to the Motion to Dismiss filed by Zimmerman Reed LLP ("Zimmerman Reed") and a Motion to Compel Arbitration filed by 3,144 of Zimmerman Reed's clients who have made claims against Plaintiff ("Claimants"). Plaintiff has established good cause for the continuance it seeks. The Court therefore grants the Ex Parte Application. Plaintiff shall have until March 25, 2024, to file its Oppositions to those Motions to Dismiss and Compel Arbitration. Defendants' Replies shall be filed by no later than April 1, 2024. The hearing on the Motions is continued to April 15, 2024, at 1:30 p.m.

The Court notes that this Ex Parte Application should never have been submitted to the Court because the parties should have been able to resolve this matter through compromise and stipulation. The Central District's Civility and Professionalism Guidelines, for instance, provide:

> Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 7, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

See Civility and Professionalism Guidelines (available at http://www.cacd.uscourts.gov/ attorneys/ admissions/civility-and-professionalism-guidelines).  The Motion for Compliance with Local Rule 5.2-1 (Docket No. 17) also presents an issue on which the Court would expect reasonable counsel to be able to compromise and resolve without the Court's intervention.

 Although this action has only been pending for one month, a review of the pleadings, motions, applications, and briefing reveals that both sides appear to be engaged in scorched-earth litigation tactics where they are attaching unreasonable conditions to what should be routine and inconsequential agreements, taking extreme positions, inserting irrelevant or unrelated disagreements into briefing, and are otherwise prone to name calling, blame-shifting, and one-upmanship in their attempts to paint the other side in an unfavorable light.  This behavior, from both sides, unnecessarily taxes the Court's limited resources and is inconsistent with counsel's obligations under Federal Rule of Civil Procedure 1 and the Central District's Civility and Professionalism Guidelines.

 The Court orders counsel for both sides to review the Civility and Professionalism Guidelines and to file a Declaration attesting to their having reviewed the Civility and Professionalism Guidelines by no later than March 14, 2024.  Conduct that unreasonably and vexatiously multiplies these proceedings, as well as future violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders may result in the imposition of sanctions.

 IT IS SO ORDERED.