**ZIMMERMAN REED LLP**
Jeff S. Westerman (SBN 94559)
jeff.westerman@zimmreed.com
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Telephone (310) 752-9385
Facsimile (877) 500-8781

*Attorneys for Defendant
Zimmerman Reed LLP Appearing
Specially for this Motion*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L'OCCITANE, INC., | Case No. 2:24-cv-1103 PA (RAOx) |
| Plaintiff, | *Assigned to the Honorable Percy Anderson* |
| v. | **DEFENDANT ZIMMERMAN REED LLP'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER TO COMPLY WITH L.R. 5.2-1 AND TO SEAL ECF 1-1 AND ECF 4-1 AND PROTECT PRIVATE INFORMATION OF APPROXIMATELY 2,000 PEOPLE** |
| Zimmerman Reed LLP; and 3,144 Of Its Purported Clients, | |
| Defendant(s). | |
| | Date: March 25, 2024<br>Time: 1:30 P.M.<br>Courtroom: 9A |
| | Date Action Filed: February 8, 2024 |

1    This Motion concerns the singular issue of Plaintiff L'Occitane's non-compliance
2 with the Local Rules by its public filing of a document disclosing the personal addresses
3 and e-mail addresses for the thousands of Individual Defendants. Defendant Zimmerman
4 Reed LLP understands and is mindful of the Court's admonition to both sides in its Order
5 of Friday, March 8, 2024 (ECF 31). To that end, Zimmerman Reed contacted
6 L'Occitane's counsel on March 8 shortly after that Order was issued, requesting an
7 additional meet and confer with L'Occitane's counsel to attempt to resolve the issue
8 raised by this Motion. Declaration of Jeff S. Westerman ¶ 4. On March 11, 2024, at 11:00
9 a.m., counsel for the parties held such a meet and confer but the parties were unable to
10 resolve the issue raised in the Motion. *Id*.

11   Zimmerman Reed remains willing to stipulate to the sealing of the exhibits at issue.
12 If such a resolution can be reached, Zimmerman Reed will withdraw this Motion. *Id.* ¶ 5.

13   Zimmerman Reed's initial Memorandum covered the central issue of the Motion.
14 This Reply addresses only a few points raised in L'Occitane's Opposition:

15 • Exhibit 1 to the Complaint (ECF 1-1) and Exhibit 1 to L'Occitane's request
16 for a summons (ECF 4-1) contain aggregated, unredacted personal information of
17 approximately 2,000 Individual Defendants in violation of Local Rule 5.2-1.
18 L'Occitane's exhibits do not fall under the Local Rule's exception for a "proof of service
19 filed as required by Federal Rule of Civil Procedure 4(l)," nor are they part of a properly
20 completed individual summons under Rule 4. Therefore, any exception to Local Rule
21 5.2-1 does not apply.

22 • The documents containing Individual Defendants' personal information
23 were provided by Zimmerman Reed to L'Occitane for the purpose of initiating arbitration
24 proceedings under L'Occitane's Terms. Although the parties dispute the applicability of
25 those Terms, the documents were not provided to L'Occitane for filing publicly in court.
26 Zimmerman Reed did not waive Local Rule 5.2-1 and did not grant L'Occitane
27 permission to use documents or personal information outside of the arbitration.

28

- Even under the standard articulated in the *Chevron* case cited by L'Occitane, Zimmerman Reed has third-party standing to bring the Motion because Zimmerman Reed and Individual Defendants "ha[ve] a close relationship" as attorney and client in the pre-arbitration and arbitration proceedings against L'Occitane and "there is a hindrance to [the Individual Defendants'] ability to protect [their] own interests" because they have not been served with the summons (ECF 11) and Complaint and therefore are not directly present to defend their privacy interests. *Chevron Corp. v. Donziger*, No. 12-cv-80237, 2013 WL 4536808, at *5 (N.D. Cal. Aug. 22, 2013).[1]

- L'Occitane asserts Zimmerman Reed should waive Individual Defendants' right to service of the summons and accept service of the Complaint on their behalf (or that Court should order such a result). This is irrelevant to the Motion, which concerns only compliance with Local Rule 5.2-1 and not any issue of service. Nor does Zimmerman Reed have authority to accept service on their behalf. To the extent L'Occitane seeks relief regarding such service issues, it goes well beyond this pending Motion. In any event, L'Occitane cites no rule, statute, or case law that imposes an obligation on Zimmerman Reed to waive the Individual Defendants' right to service of a summons without their consent. L'Occitane also cites no authority to make its compliance with a Local Rule conditional on an unrelated voluntary act.

\\\
\\\
\\\

---

[1] The Court has the independent authority to enforce its Local Rules and it may issue an order sua sponte sealing and striking filings that violate Local Rule 5.2-1. *See Sloatman v. Housewright*, No. 21-cv-08235, 2023 WL 8852375, at *2 (C.D. Cal. Nov. 17, 2023) (stating that, in a prior order, "the Court issued an order sua sponte sealing and striking numerous filings" under L.R. 5.2-1).

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | ZIMMERMAN REED LLP |
| Date: March 11, 2024 | By: | /s/ Jeff S. Westerman |
| | | Jeff S. Westerman |
| | | 6420 Wilshire Blvd., Suite 1080 |
| | | Los Angeles, CA 90048 |
| | | Telephone (310) 752-9385 |
| | | Facsimile (877) 500-8781 |
| | | jeff.westerman@zimmreed.com |

*Attorneys for Defendant Zimmerman Reed LLP Appearing Specially for this Motion*