UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 14, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Order to Comply with Local Rule 5.2-1 ("Motion for Redaction") filed by defendant Zimmerman Reed LLP ("Zimmerman Reed") (Docket No. 17). Zimmerman Reed seeks an order requiring plaintiff L'Occitane, Inc. ("L'Occitane" or "Plaintiff") to redact the home addresses of approximately 2,000 individuals listed on exhibits filed in support of the Complaint (Docket No. 1) and the Request to Issue Summons (Docket No. 4). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 25, 2024, is vacated, and the matter taken off calendar.

L'Occitane operates a website. According to the Complaint, the website links to terms and conditions that "apply when you purchase products on our Websites and in Stores . . . . By placing an order for Merchandise through loccitane.com/en-us or any L'Occitane-owned or affiliated Internet sites or Stores, . . . you accept these Terms of Use and agree to be bound by them." The terms and conditions include a dispute resolution provision that applies "[i]n the event of any controversy, claim, action or dispute arising out of or related to any transaction conducted on the Websites, or the breach, enforcement, interpretation, or validity of this Agreement or any part of it ('Dispute')." A claimant with a "Dispute" must first attempt to informally resolve the "Dispute" with L'Occitane before triggering a mandatory arbitration provision that includes a clause reserving to the arbitrator issues relating to arbitrability.

Zimmerman Reed seeks to trigger L'Occitane's dispute resolution procedure on behalf of thousands of the law firm's clients alleging violations of the California Invasion of Privacy Act ("CIPA") because analytics "cookies" on the website track user activity in a manner that Zimmerman Reed believes constitutes prohibited wiretapping activity under CIPA. Zimmerman Reed has initiated approximately 100 arbitrations with the American Arbitration Association ("AAA"). Zimmerman Reed has invoiced L'Occitane $12,625 for the arbitration filing fees it has advanced and AAA has sought $32,825 in arbitration initiation fees from L'Occitane for those arbitrations. Zimmerman Reed seeks to initiate individual arbitrations on behalf of 3,144

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 14, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

of its clients. Based on the arbitration fees incurred on behalf of approximately 100 claimants, L'Occitane faces well over $1 million in arbitration fees just to initiate the 3,144 arbitrations Zimmerman Reed seeks to pursue.

Rather than succumb to what it considers an extortionate demand to arbitrate meritless claims that L'Occitane believes are not subject to the website's terms and conditions or arbitration provision because the vast majority of Zimmerman Reed's clients never purchased products or were involved in a "transaction conducted" on the website, L'Occitane initiated this action asserting claims against Zimmerman Reed and the 3,144 individual claimants represented by Zimmerman Reed. Specifically, L'Occitane's Complaint seeks to invalidate CIPA's provisions, California Penal Code sections 631 and 632.7, as unconstitutional in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution, asserts that CIPA is preempted by the Communications Decency Act, 47 U.S.C. § 230, claims that Zimmerman Reed and its clients have violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and seeks declaratory relief.

Both the Complaint and Request to Issue Summons filed by L'Occitane attach as an exhibit a list of Zimmerman Reed's clients that Zimmerman Reed provided to L'Occitane. That list includes the home addresses of approximately 2,000 of the 3,144 individual defendants. Zimmerman Reed seeks to have the exhibit sealed to remedy what it asserts was L'Occitane's failure to redact the home addresses from those exhibits as required by Local Rule 5.2-1, which provides:

> It is the responsibility of the filer to ensure full compliance with the redaction requirements of Federal Rule of Civil Procedure 5.2. In addition, the filer shall redact passport numbers and driver license numbers in their entirety, and shall ensure that any document that contains a home address (except any proof of service filed as required by Federal Rule of Civil Procedure 4(l)) shall include only the city and state. This restriction on including passport numbers, driver license numbers, and full home addresses shall not apply to a filing exempted by Federal Rule of Civil Procedure 5.2(b); to an under-seal filing as set forth in Federal Rule of Civil Procedure 5.2(d), (f), or (g); or where the redaction requirement with respect to that information has been waived as provided in Federal Rule of Civil Procedure 5.2(h).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 14, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

>Parties shall carefully examine the documents, exhibits, or attachments to be filed with the Court in order to protect any sensitive and private information.  The responsibility for redacting or placing under seal protected personal data identifiers rests solely with counsel and the parties.  The Clerk will not review any pleadings or documents for compliance.
>
>Counsel and the parties are cautioned that failure to redact or place under seal protected personal data identifiers may subject them to the disciplinary power of the Court.  If a redacted version of the document is filed, counsel shall maintain possession of the unredacted document pending further order of the Court or resolution of the action (including the appeal, if any) and shall, at the request of opposing counsel or parties, provide a copy of the complete document.

Local Rule 5.2-1.  Local Rule 5.2-2.2 exempts from the redaction requirement "[u]nexecuted summonses or warrants, supporting applications, and affidavits" because those documents "are not to be included in the public case file, and are therefore excluded from the redaction requirements of [Federal Rule of Civil Procedure] 5.2 and [Local Rule] 5.2-1."  Local Rule 5.2-2.2.  The exemption contained in Local Rule 5.2-2.2 does not appear to apply to a Request to Issue Summons because that document, unlike an unexecuted summons in a criminal case, is filed on the public docket.  See Local Rule 4-1 ("The summons must be prepared using an approved form of summons, available from the Court's website, www.cacd.uscourts.gov.  Unless exempted from electronic filing pursuant to L.R. 5-4.2, the summons must be presented electronically for issuance by the Clerk, using the Court's CM/ECF System.").

      The Court appreciates L'Occitane's frustration with the apparent incongruity between a Local Rule that requires redaction of all but the city and state of a home address for a Complaint and Request to Issue Summons, particularly where the approved form Summons provided on the Court's website includes a prompt for the address of the defendant, when the Proof of Service of the Summons and Complaint, which is also filed on the public docket, is exempt from the redaction requirement and will frequently list the entire home address of a defendant if the defendant is served at their home.  This may be why parties seldom bother to seek to enforce the redaction requirement for a home address, and reserve redaction disputes for more meaningful and potentially harmful personal identifying information like financial account numbers.  Nevertheless, Zimmerman Reed has sought to compel compliance with the redaction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 14, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

requirement that applies to the home address information contained in the exhibit to the Complaint and Request to Issue Summons.

Rather than simply assenting to Zimmerman Reed's somewhat meaningless effort to strictly enforce a Local Rule, L'Occitane seeks in its Opposition to have the Court compel defendants to accept L'Occitane's offer to seal the exhibits if Zimmerman Reed would consent to accept service of the Summons and Complaint on behalf of its 3,144 clients, and relieve L'Occitane of the burden and expense of individually serving 3,144 defendants. First, L'Occitane's effort to have the Court enforce its offer, made in Opposition to Zimmerman Reed's Motion, is procedurally improper. If L'Occitane seeks affirmative relief from the Court, it must do so in compliance with Local Rule 6-1, which provides: "Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion." Local Rule 6-1. Second, L'Occitane cites to no mechanism that would authorize the Court to force a party to waive the requirements of Federal Rule of Civil Procedure 4. Third, the Court is unwilling to lend its support and authority to L'Occitane's effort to turn its violation of a Local Rule into leverage through which it attempts to extract a concession from the opposing parties. Fourth, to the extent L'Occitane is concerned about the burden and expense of serving the Summons and Complaint, that is a problem L'Occitane created by embarking on a strategy of naming and suing all 3,144 claimants individually in this action when defendants have little incentive to lessen that burden. Fifth, Federal Rule of Civil Procedure 4(d)'s waiver of service provisions, rather than L'Occitane's misguided attempt to force defendants to waive service of the Summons and Complaint, is the mechanism provided for in the Federal Rules of Civil Procedure to shift the expense of service to defendants. Finally, other provisions of the Federal Rules of Civil Procedure, including Rule 23, which allows for class actions against classes of defendants just as it provides for classes of plaintiffs, with the attendant streamlined notice provisions that apply to class actions rather than Rule 4's service requirements, might provide L'Occitane with an alternative to enlisting the Court in its effort to transform its violation of the Local Rules into a means of forcing defendants to waive service of the Summons and Complaint.

Because Local Rule 5.2-1 applies to the Complaint and Request to Issue Summons, the home address information is not necessary to be included in the Complaint, and the Court has confirmed with the Clerk's Office that it will issue a Summons for the 3,144 individual defendants even if the Request to Issue Summons does not include the home addresses of the individual defendants, the Court grants Zimmerman Reed's Motion for Redaction. The Court orders the Clerk to seal Exhibit 1 to Docket No. 1 and Exhibit 1 to Docket No. 4. The Court additionally notes that the Clerk issued a deficiency for the Request to Issue Summons. To the extent L'Occitane wishes to pursue its claims against the 3,144 individual defendants as alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | March 14, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

in the Complaint, it shall file a revised Request to Issue Summons that cures the deficiency identified by the Clerk. The revised Request to Issue Summons shall not include the home address of any of the individual defendants.

    IT IS SO ORDERED.