JENNIFER L. KELLER (SBN 84412)
  jkeller@kelleranderle.com
CHASE A. SCOLNICK (SBN 227631)
  cscolnick@kelleranderle.com
JAY P. BARRON (SBN 245654)
  jbarron@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
(949) 476-8700 Telephone
(949) 476-0900 Facsimile

*Attorneys for Defendant,*
*Zimmerman Reed LLP*

CALEB MARKER (SBN 269721)
  caleb.marker@zimmreed.com
ZIMMERMAN REED LLP
6420 Wilshire Blvd, Suite 1080 Los Angeles, CA 90048
(877) 500-8780 Telephone
(877) 500-8781 Facsimile

*Attorneys for Defendants,*
*Zimmerman Reed LLP and Remaining Claimants It Represents*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L'OCCITANE, INC., <br><br> Plaintiff, <br><br> v. <br><br> Zimmerman Reed LLP; and 3,144 Of Its Purported Clients, <br><br> Defendants. | Case No. 2:24-cv-01103-PA-RAO <br><br> *Assigned to the Honorable Percy Anderson* <br><br> **DECLARATION OF CALEB MARKER IN SUPPORT OF ZIMMERMAN REED LLP'S AND REMAINING CLAIMANTS' MEMORANDUM IN RESPONSE TO THE COURT'S APRIL 12, 2024 ORDER TO SHOW CAUSE (DOC. NO. 53)** <br><br> Complaint Filed: February 8, 2024 <br> Courtroom: 9A <br><br> Trial Date: TBD |

I, Caleb Marker, respectfully submit this Declaration in Support of Defendant Zimmerman Reed's Motion to Dismiss. Under 28 U.S.C. § 1746, I declare as follows:

1. I am a Managing Partner with the law firm Zimmerman Reed LLP. I make these statements based on my personal knowledge and would testify if called as a witness.

2. On April 12, 2024, the Court denied Claimants' Motion to Compel Arbitration. *See* ECF No. 52.  As a result, Claimants have withdrawn all demands for arbitration filed against Plaintiff L'Occitane, Inc.

3. In November 2023, Zimmerman Reed filed demands for arbitration on behalf of a subset of Claimants pursuant to L'Occitane's terms and conditions and served them on L'Occitane and the American Arbitration Association ("AAA"). On March 13, 2024, AAA informed that subset of Claimants that it had not received payment for L'Occitane's portion of the arbitration filing fees and that, under the California Code of Civil Procedure, those fees must have been paid on or before March 4, 2024. AAA further informed that subset of Claimants that, pursuant to the California Code of Civil Procedure and AAA's Rules for Consumer Arbitration, "we must decline to administer the individual demands filed" by that subset of Claimants. On March 15, 2024, Zimmerman Reed, on behalf of that subset of Claimants, filed a Petition for An Order Compelling Arbitration Under Cal. Code. Civ. P. 1287.97 in California state court. That case is captioned *Isabel Aguila, et al. v. L'Occitane, Inc.*, Case No. 24STCP00802 (Sup. Ct. Cal. 2024). Section 1287.97 provides that a consumer may compel arbitration if the party who drafted the arbitration agreement (here, L'Occitane) fails to pay its share of the fees required to be paid before an arbitration can proceed. *See* Cal. Code Civ. Proc., § 1287.97. Given that AAA declined to administer their demands because L'Occitane failed to pay its portion of the filing fees, that subset of Claimants filed the petition to preserve their rights to arbitrate their claims against L'Occitane and they filed it in state court because there was no federal question or diversity jurisdiction for that petition. However, that petition has now been voluntarily dismissed. That petition had not been fully briefed and the state court made no ruling.

4.     Of the 3,144 Claimants identified by L'Occitane in its Complaint, a small number have terminated their representation agreement with Zimmerman Reed. Those Claimants are identified as follows: Ani Oganisian, Sydney Larosa, Kennedy Jarrell, Yume Callahan, Lynda Lim, Carly Mandel, Jim Hansen, Amanda Zand, Janna Karnezis, Joey Nguyen, Daniel Lott, Tyler Solloway, Heather Sharma, Samantha Maynard, Jin Kim, Roxeen Critser, Daniel Martini, Jane Andrews, Sally Baho, Jennifer Cisco, Carlos Carbajal, Jorge Mendez, Ann Sullivan, Charina Tsujiuchi, and Sarah Cox.

5.     L'Occitane recently voluntarily dismissed two individual Claimants. *See* ECF Nos. 54, 56. While those two individuals no longer are parties to this case, L'Occitane made inaccurate assertions in those voluntary dismissals and in its Supplemental Brief Re Petition to Compel Arbitration (ECF No. 50) that require correction. Contrary to L'Occitane's claims, Zimmerman Reed had a written representation agreement with each Claimant that L'Occitane identified as supposedly not having a representation agreement with Zimmerman Reed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 22, 2024.

                               */s/ Caleb Marker*
                               Caleb Marker