UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On April 12, 2024, the Court issued Minute Orders granting in part a Motion to Dismiss filed by defendant Zimmerman Reed LLP ("Zimmerman Reed") and denying a Motion to Compel Arbitration filed by 3,144 of Zimmerman Reed's clients ("Claimants").[1/]  In granting the Motion to Dismiss, the Court concluded that the Computer Fraud and Abuse Act ("CFAA") claim alleged against Zimmerman Reed in the Complaint filed by plaintiff L'Occitane, Inc. ("L'Occitane" or "Plaintiff") failed to state a viable claim.

The Court additionally ordered the parties to show cause in writing why the Court's dismissal of the CFAA claim asserted against Zimmerman Reed would not also apply to Claimants against whom L'Occitane had also alleged the CFAA claim.  The parties have responded to the Court's Order to Show Cause and both sides agree that the Court's dismissal of the CFAA claim applies to the Claimants.  The Court therefore dismisses L'Occitane's CFAA claim against all defendants without leave to amend and with prejudice for the reasons stated in the Court's April 12, 2024 Minute Order.

In light of the likelihood that the Court's dismissal of the Complaint's CFAA claim, the sole federal claim asserted in this action, and the only basis for the Court's subject matter jurisdiction, and the denial of the Claimants' Motion to Compel Arbitration, which appeared to moot L'Occitane's claims for declaratory relief, the Court additionally ordered the parties to show cause why the claims for declaratory relief against both Zimmerman Reed and Claimants (collectively "Defendants") should not be dismissed without prejudice for lack of standing, the absence of a live case or controversy, because the declarations L'Occitane seeks would be impermissible advisory opinions, or why the Court should not otherwise exercise its discretion by declining to entertain the claims for declaratory relief.  Finally, the Court ordered the parties to show cause why it should not exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline

---

[1/]   L'Occitane has voluntarily dismissed two of the 3,144 Claimants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

supplemental jurisdiction over the claims for declaratory relief as a result of the dismissal of the CFAA claim.

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[F]ederal courts have never been empowered to issue advisory opinions." F.C.C. v. Pacifica Foundation, 438 U.S. 726, 735, 98 S. Ct. 3026, 3033, 57 L. Ed. 2d 1073 (1978). The Ninth Circuit has explained: "[w]hen presented with a claim for a declaratory judgment, [] federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion." Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted); see also Coal. for a Healthy Cal. v. F.C.C., 87 F.3d 383, 386 (9th Cir. 1996) (noting that "federal courts have never been empowered to issue advisory opinions")). "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." Rhoades, 504 F.3d at 1157.

Defendants' Response to the Order to Show Cause asserts that the Complaint's claims for declaratory relief should be dismissed without prejudice because they are moot, L'Occitane now lacks standing to assert those claims, the declaratory relief L'Occitane seeks would be an impermissible advisory opinion, and the Court, in an exercise of its discretion, should decline to rule on the claims for declaratory relief. Defendants also believe that the Court should decline to exercise supplemental jurisdiction over the declaratory relief claims following dismissal of the Complaint's sole federal claim. Apparently not content with the victory it achieved by defeating Claimants' Motion to Compel Arbitration, L'Occitane believes that the Court should continue to preside over its claims for declaratory relief and, in the alternative, seeks leave to amend to "cure any perceived jurisdictional deficiency."[2]

---

[2] L'Occitane erroneously claims that the Court, by stating that it would dismiss the declaratory relief claims "without prejudice" has "already ruled" that "it will allow" amendment. The Court should not have to explain to L'Occitane's experienced counsel that a dismissal with or without prejudice is not synonymous with a dismissal with or without leave to amend. By indicating that a decision to dismiss the declaratory relief claims as moot, for lack of standing, as a discretionary matter, or as a result of declining to exercise supplemental jurisdiction would be without prejudice, the Court was merely recognizing that those dismissals would have no preclusive effect should circumstances change or if L'Occitane were to re-file those claims in state court. By acknowledging that a dismissal of the declaratory relief claims under those circumstances would be without prejudice, the Court was not ruling that it would allow amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

"Standing is a jurisdictional issue deriving from the 'case or controversy' requirement of Article III of the United States Constitution." Native Vill. of Kivalina v. ExxonMobil Corp., 696 F.3d 849, 867 (9th Cir. 2012) (citing Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000)). The party invoking federal jurisdiction bears the burden to establish Article III standing. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

The Supreme Court has held that to have Article III standing under the Constitution, a party must show it has suffered an "injury in fact," that there is a "causal connection between the injury" and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 560-61, 112 S. Ct. at 2136-37, 119 L. Ed. 2d 351. Importantly, the requirements for Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, [so] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351.

To demonstrate an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not "conjectural" or 'hypothetical.'" Id. at 560, 112 S. Ct. at 2136, 119 L. Ed. 2d 351 (citations omitted). To meet this test, the "line of causation" between the alleged conduct and injury must not be "too attenuated," and "the prospect of obtaining relief from the injury" must not be "too speculative." Allen v. Wright, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984); see also Maya v. Centex Corp., 658 F.3d 1060, 1069-70 (9th Cir. 2011).

L'Occitane does not identify how it would amend its Complaint, but by arguing, correctly, that the Court's order denying the Motion to Compel Arbitration preclusively establishes that Claimants may not compel L'Occitane to arbitrate their claims, after alleging in the Complaint it had standing because it "is being threatened with mass arbitration by Defendants," the injury on which L'Occitane based its Complaint has evaporated. (Complaint ¶ 44.) Indeed, L'Occitane's entire action was premised on its theory that Zimmerman Reed and Claimants were exploiting the arbitration provision contained in L'Occitane's website's terms and conditions to extort a settlement from L'Occitane that would otherwise have to expend more than a million dollars in arbitration fees just to initiate arbitrations in which this Court has now concluded L'Occitane need not participate. The fact that some subset of Claimants had, on March 15, 2024, initiated in Los Angeles Superior Court a petition pursuant to California Code of Civil Procedure 1287.97 to compel L'Occitane to pay arbitration fees to commence arbitration proceedings does not, in light of this Court's order denying the Motion to Compel Arbitration,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

establish that L'Occitane continues to have standing to pursue its claims for declaratory relief. It is this Court's preclusive order denying the Motion to Compel Arbitration, and not the status of that action – which the petitioners have, in any event, requested be dismissed without prejudice – that establishes that L'Occitane faces no actual or imminent injury for standing purposes.[3/]

With the Court having determined that Claimants may not arbitrate their claims against L'Occitane – the only injury alleged in L'Occitane's Complaint – L'Occitane's effort to have this Court declare provisions of the California Invasion of Privacy Act ("CIPA") unconstitutional or preempted by the Communications decency act, and that the parties did not enter agreements, and if they had, that Claimants have not satisfied the informal dispute resolution process, are currently moot. Claimants have no pending CIPA claims against L'Occitane. Nor has L'Occitane identified any imminent threatened future action by these Claimants to assert similar claims. As a result, L'Occitane's declaratory relief claims are presently moot. Any effort by L'Occitane to continue to have this Court render a declaration concerning the viability of claims these Claimants or others may bring in the future is speculative and would result in the Court rendering an impermissible advisory opinion. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

Even if L'Occitane could amend the Complaint to cure the standing, mootness, and advisory opinion issues, the Court would still have the discretion to dismiss the declaratory relief claims. In assessing whether to exercise its discretion to entertain a declaratory relief claim over which it possesses subject matter jurisdiction, district courts apply the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 2d 1620 (1942). The Ninth Circuit has explained that "[t]wo issues are presented to the district court" when it assesses whether it may and should exercise jurisdiction over an action for declaratory judgment. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). "First, the court must inquire whether there

---

[3/]   L'Occitane repeatedly mischaracterizes the Los Angeles Superior Court petition proceeding as a "collateral attack" on this Court's April 12, 2024 order denying the Motion to Compel Arbitration. L'Occitane never explains how an action filed on March 15, 2024, seeking to have L'Occitane pay arbitration fees, is a "collateral attack" on the Court's subsequent order denying the Motion to Compel Arbitration. This sort of overwrought, unjustified, and misguided attack has been a far too common feature of the parties' litigation posturing in this action and damages the credibility of those engaging in such behavior.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

is a case of actual controversy within its jurisdiction. Jurisdiction to award declaratory relief exists only in a case of actual controversy. We have held that this requirement is identical to Article III's constitutional case or controversy requirement." Id. at 143. "Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction." Id. at 143-44. In assessing whether to exercise its discretion to entertain a declaratory relief claim over which it possesses subject matter jurisdiction, district courts apply the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 2d 1620 (1942). "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).

As the Court has already determined, it lacks subject matter jurisdiction over L'Occitane's declaratory relief claims because, with the Court's order denying the Motion to Compel Arbitration, there is no live case or controversy. Even assuming the Court has jurisdiction, the Court, concludes that it should not exercise its discretionary authority to resolve the declaratory relief claims asserted by L'Occitane. Specifically, to do so would infringe on the ability of California's state courts to resolve important state law issues related to the scope of CIPA. Indeed, as L'Occitane's Complaint alleges, application of CIPA to website analytics cookies is a new, evolving, and controversial area of law and federal courts have taken differing positions on how such claims should be analyzed and whether CIPA applies at all. (See Compl. ¶ 49 ("Although it should be logically and legally impossible for a party to any communication to violate Section 631 under the precedent above, hundreds of coordinated complaints under CIPA have recently been filed against website operators in both federal and state California courts."); id. ¶¶ 50-54 & 61-62.)

Resolution by California's courts of whether CIPA even applies to website analytics cookies could obviate the need to even address L'Occitane's efforts to have CIPA declared unconstitutional. In this way, declining to address L'Occitane's declaratory relief claims is supported by the "constitutional avoidance" doctrine. See Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 236, 104 S. Ct. 2321, 2327, 81 L. Ed. 2d 186 (1984) ("[F]ederal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided. By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and 'needless friction with state policies . . . .'") (quoting Railroad Comm'n v. Pullman Co., 312 U.S. 496, 500, 61 S. Ct. 643, 645, 85 L. Ed. 971 (1941)); see also Cuviello v. City of Vallejo, 944 F.3d 816, 826 (9th Cir. 2019) ("'It is well-established that this court should avoid adjudication of federal constitutional claims when alternative state grounds are available . . . even when the alternative ground is one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

of state constitutional law.'") (quoting Hewitt v. Joyner, 940 F.2d 1561, 1565 (9th Cir. 1991)); United States v. Kaluna, 192 F.3d 1188, 1197 (9th Cir. 1999) ("First, to decide the constitutional question here would violate the maxim that courts are not 'to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.'") (quoting Burton v. United States, 196 U.S. 283, 295, 25 S. Ct. 243, 49 L. Ed. 482 (1905)).

Finally, contrary to the jurisdictional allegations in L'Occitane's Complaint, and although some of the declaratory relief claims reference the United States Constitution and preemption under the Communications Decency Act, those declaratory relief claims do not allege claims over which the Court possesses federal question jurisdiction. See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1006 (9th Cir. 2010) ("It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established."); see also State of Cal. ex rel. Dep't of Water Res. v. Orville-Wyandotte Irr. Dist., 409 F.2d 532, 535 (9th Cir. 1969) ("It is the character of the threatened action, not the defense, which determines federal question."). The declaratory relief claims asserted in L'Occitane's Complaint are potential defenses to state law CIPA claims, but they are not themselves federal claims. The only federal claim alleged in the Complaint was L'Occitane's CFAA claim, which the Court has dismissed without leave to amend and with prejudice as to all Defendants.

The Court therefore has only supplemental jurisdiction over L'Occitane's declaratory relief claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Here, the Court has resolved all of the federal claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over L'Occitane's declaratory relief claims. See 28 U.S.C. § 1367(c)(3).

For all of the foregoing reasons, the Court dismisses the CFAA claim against all Defendants without leave to amend and with prejudice. The Court concludes that L'Occitane's declaratory relief claims are moot, L'Occitane presently lacks standing to assert them, and resolving the claims would amount to an advisory opinion. The Court additionally concludes, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1103 PA (RAOx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | L'Occitane, Inc. v. Zimmerman Reed LLP, et al. | | |

an exercise of its discretion, that it will not exercise its authority over the declaratory relief claims, and that it also declines to exercise supplemental jurisdiction over those claims. The Court therefore dismisses the Complaint's declaratory relief claims without prejudice. The Court will issue a Judgment consistent with this Order, and the April 12, 2024 Orders denying the Motion to Compel Arbitration and granting Zimmerman Reed's Motion to Dismiss.

    IT IS SO ORDERED.